UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHANI D. WINDER                                                                          PLAINTIFF

VS.                                                          CIVIL ACTION NO.: 3:10cv381-DPJ-FKB

ENMON ENTERPRISES, LLC,
JANI-KING FRANCHISING, INC.,
and JOHN AND JANE DOES 1-10                                                    DEFENDANTS

ORDER

This slip-and-fall case is before the Court on the Motion of Defendants Enmon Enterprises, LLC ("Enmon") and Jani-King Franchising, Inc. ("Jani-King") for Summary Judgment [53]. Having fully considered the issues and the parties' submissions in light of the applicable standards, the Court finds that Defendants' Motion for Summary Judgment should be granted.

I.    FACTS AND PROCEDURAL HISTORY

This suit arises from an incident that occurred on September 29, 2009, at the Sorrento I Building in Madison, Mississippi, where Plaintiff Shani Winder worked for Comcast. Winder asserts that just after returning from her lunch break, at approximately 4:15 p.m. that Saturday, she slipped on a wet floor while attempting to stand up in a bathroom stall, causing her to sustain "significant[ ]" injuries. Compl. ¶¶ 7, 12; Defs.' Mem. Supp. [54], Ex. I, Winder Dep., at 23. She alleges that Defendants had "clean[ed] the bathroom, and more specifically had mopped the bathroom just prior to the incident . . . ." Compl. ¶ 9. Defendant Jani-King is the franchisor of Jani-King commercial cleaning franchises, and Defendant Enmon is a regional franchisee of Jani-King. Defs.' Mem. Supp. [54] at 2. The relationship between the defendants is governed

by a Regional Franchise Agreement that provides that Enmon "is, and will act at all times as, an independent contractor . . . ." Defs.' Mem Supp. [54], Ex. B, Regional Franchise Agreement, at 21, § 15.7.  Neither Defendant provided the actual cleaning services at Comcast as those services had been assigned to Jani-King of Jackson, a one-unit franchisee of Enmon owned by Malcolm and Angelean Jones.[1]  Defs.' Mem. Supp. [54] at 2.

Typically, two Jani-King of Jackson employees cleaned the eight restrooms located throughout the Sorrento I Building Monday through Friday between 5:00 p.m. and 7:00 p.m. Defs.' Mem. Supp. [54], Ex. F, Jones Dep., at 20–21.  On Saturdays, the restrooms were cleaned between 8:00 a.m. and 10:00 a.m. by a single Jani-King of Jackson employee.  *Id.* at 23.

On the date Winder fell, Doris Scott, a Jani-King of Jackson employee, was assigned to clean the restrooms.  According to her time records, Scott clocked in at 8:54 a.m and clocked out at 10:10 a.m.  Defs.' Mot. Summ. J. [53], Ex. G, Scott Dep., at 18.  Scott typically skipped mopping on Saturdays, because the restrooms "would still be clean from the day before."  *Id.* at 29.  There is no testimony in the record that Scott mopped the restroom in which Winder fell on the date in question.

As for Winder, she was scheduled to work at Comcast that day from 12:00 p.m. to 9:00 p.m.  Defs.' Mot. Summ. J. [53], Ex. I, Winder Dep., at 17–18.  In her deposition, Winder testified that she took her first of two fifteen-minute breaks at around 2 p.m., and at that time, she saw a woman with children pushing a janitorial cart.  *Id.* at 45.  The cart led Winder to "assume" the woman was a Jani-King employee.  *Id.* at 19, 46.  Based on that sighting, Winder further

---

[1]Neither Jani-King of Jackson nor the Joneses are named as Defendants in this case.

"assume[s] that [the employee] cleaned" the bathroom before the slip that occurred more than two hours later. *Id.* at 56.

Regarding the state of the restroom floor at the time of the incident, Winder testified that when she entered the restroom she "noticed that the tiles were shiny." Defs.' Mot. Summ. J. [53], Ex. I, Winder Dep., at 56. She realized the floor was wet "as [she] was slipping . . . because [her] shoe came off." *Id.* After she slipped, as she "was walking out of the rest room, [she] could clearly see that the floor was wet." *Id.* at 35.

Defendants seek summary judgment on two bases: (1) They argue that there is no evidence that Defendants breached any duty owed to Plaintiff and that no action by Defendants proximately cause Winder's injuries; and (2) Defendant Jani-King argues that, as a franchisor, it cannot be held vicariously liable for the alleged negligence of its franchisee because it did not exercise sufficient control over Enmon or its employees to trigger liability under a respondeat superior theory. Defs.' Mem. Supp. [54] at 8–9. Winder counters that: (1) Materially different testimony regarding the time the restroom was cleaned on the date of the incident precludes summary judgment; and (2) The Franchise Agreement between Jani-King and Enmon creates liability for each in this case.

II.   STANDARD OF REVIEW

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075 (5th Cir. 1994) (en banc).

III.   ANALYSIS

Under Mississippi law governing slip-and-fall cases, the fact that a wet floor caused the plaintiff to slip "is not decisive on the issue of negligence." *Parker v. Wal-Mart*, 241 F. Supp. 2d 663, 667 (S.D. Miss. 2001). Rather, the plaintiff must demonstrate the defendant's culpability by showing "either (1) that the defendant caused the dangerous condition, or (2) that the defendant had either actual or constructive knowledge of the hazard." *Id.* (citing *Mumford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)). Constructive knowledge of a hazard "is

established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it." *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986). "Furthermore, the Court will not indulge in any presumption as to the length of time a spill existed, as '. . . it is just as logical to assume that the [hazard] was thrown there two or three minutes before [the plaintiff] stepped on it, and such a presumption is not sufficient to sustain a recovery . . . .'" *Parker*, 241 F. Supp. 2d at 667 (quoting *Aultman v. Delchamps, Inc.*, 202 So. 2d 922, 924 (Miss. 1967)).

Plaintiff has come forth with no evidence to suggest Defendants negligently caused a wet bathroom floor. She testified that she assumed a Jani-King employee cleaned the restroom prior to her fall because she saw someone she assumed to be a Jani-King employee on the premises earlier in the day. She asserts that because this testimony contradicts Scott's testimony (1) that she was the only individual who would have cleaned the bathrooms on the date of the incident and (2) that she had completed her work and clocked out by 10:10 a.m., there is a genuine issue of material fact that precludes summary judgment on Defendants' negligence.

Viewing the evidence in the light most favorable to Plaintiff, her testimony suggests that either a second Jani-King employee was on the premises or Scott remained on the premises after she clocked out that morning. In either event, the testimony still fails to show that either employee spilled water, mopped the floor, or otherwise made the bathroom floor wet at any time on the date of the incident. There is simply no evidence that a Jani-King employee did anything to create the condition that existed when Winder slipped. Thus, the factual dispute Winder proffers is not material to the question of Defendants' negligence.

Nor is there any evidence that Defendants knew or should have known that there was water on the bathroom floor at 4:15 p.m. when Plaintiff slipped. There is no evidence that Plaintiff (or anyone else) called the Joneses or anyone at Enmon or Jani-King to notify them of a wet floor. And there is no evidence showing exactly when the condition occurred to establish constructive knowledge of the wet floor. *See Parker*, 241 F. Supp. 2d at 667–68 (concluding that, without evidence of when the spill occurred, the plaintiffs could not present a genuine issue of material fact on the constructive knowledge issue). Because Plaintiff has produced no evidence that Defendants caused or knew about the dangerous condition that caused her injury, her claims against Defendants fail. Her conclusory allegations are not sufficient to create a triable issue. *TIG Ins. Co.*, 276 F.3d at 759.[2]

IV.   CONCLUSION

For the reasons stated, the Court finds that Defendants' Motion for Summary Judgment is well-taken and should be granted. A separate judgment will be entered pursuant to Rule 58.

**SO ORDERED AND ADJUDGED** this the 20th day of January, 2012.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE

---

[2] Defendant Jani-King alternatively asserts that it cannot be held liable for any negligence on the part of Enmon because Enmon is an independent contractor, rather than an agent or servant, of Jani-King. The same argument was rejected in *Hayes v. Enmon Enterprises, LLC*, 3:10-CV-00382-CWR-LRA, 2011 WL 2491375 (S.D. Miss. June 22, 2011). And while the court's analysis in that case seems correct, the lack of liability in the present case moots the issue.